WO               IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

HELEN SCHARF, et al.,            )
                                 )
                    Plaintiffs,  )
                                 )
    vs.                          )
                                 )
ARNALDO TRABUCCO, et al.,        )
                                 )   No. 3:14-cv-8183-HRH
                    Defendants.  )   (Prescott Division)
_____)

O R D E R

Motion to Strike

Defendants Arnaldo Trabucco, M.D., and the Institute of Urology, L.L.C. move to strike portions of plaintiffs' expert reports.[1] This motion is opposed.[2] Oral argument has been requested but is not deemed necessary.

Background

Plaintiffs are Helen Scharf, the surviving spouse and personal representative of the estate of Gerald Scharf; and Karen Bright and Randall Scharf, the adult children of Gerald

---

[1] Docket No. 51.

[2] Docket No. 52.

Scharf, deceased. Defendants are Arnaldo Trabucco, M.D. and the Institute of Urology, LLC.[3]

On September 24, 2012, Dr. Trabucco, who practices with the Institute, performed a hand-assisted laparoscopic nephrectomy (removal of the kidney) on Gerald Scharf at Valley View Medical Center. Mr. Scharf developed complications and was transferred to Sunrise Hospital, where a second surgery was performed, but on September 27, 2012, Mr. Scharf died. On September 23, 2014, plaintiffs commenced this action, in which they assert negligence and wrongful death claims against defendants.

Plaintiffs have disclosed two experts, Dudley Danoff, M.D., and Donald Mellman, M.D., both of whom have provided expert reports.[4] Dr. Danoff is a board-certified urologist who performs laparoscopic nephrectomies. Dr. Mellman is a board-certified neurosurgeon and has "worked as a Chief Medical Officer at two teaching hospitals."[5] Both experts have offered opinions on the appropriate standard of care and on causation.

Defendants now move to strike portions of both expert reports and to preclude certain testimony from each expert.

---

[3]PHC-Fort Mohave, Inc., dba Valley View Medical Center, is also a defendant in this matter but is not involved in the instant motion.

[4]Exhibits 1 & 2, Motion to Strike Plaintiff's [sic] Expert Reports, Docket No. 51.

[5]Expert Witness Testimony Report of Donald Mellman, M.D. [etc.] at 2, ¶ 4, Exhibit 2, Motion to Strike Portions of Plaintiff's [sic] Expert Reports, Docket No. 51.

Discussion

First, defendants move to strike Dr. Mellman's standard of care opinions because he does not satisfy A.R.S. § 12-2604, which sets out the expert witness qualifications for Arizona medical malpractice cases.[6] A.R.S. § 12-2604(A) provides, in pertinent part:

> In an action alleging medical malpractice, a person shall not give expert testimony on the appropriate standard of practice or care unless the person is licensed as a health professional in this state or another state and the person meets the following criteria:
>
> 1. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist, specializes at the time of the occurrence that is the basis for the action in the same specialty or claimed specialty as the party against whom or on whose behalf the testimony is offered. If the party against whom or on whose behalf the testimony is offered is or claims to be a specialist who is board certified, the expert witness shall be a specialist who is board certified in that specialty or claimed specialty.
>
> 2. During the year immediately preceding the occurrence giving rise to the lawsuit, devoted a majority of the person's professional time to either or both of the following:
>
> (a) The active clinical practice of the same health profession as the defendant and, if the defendant is or claims to be a specialist, in the same specialty or claimed specialty.
>
> (b) The instruction of students in an accredited health professional school or accredited residency or clinical research program

---

[6] A.R.S. § 2604(A) is a substantive law that applies in this diversity action. Mann v. United States, Case No. CV–11–8018–PCT–LOA, 2012 WL 273690, at *10 (D. Ariz. Jan. 31, 2012); Wright v. United States, Case No. CV 06-01788-PHX-NVW, 2008 WL 820557, at *5 (D. Ariz. March 25, 2008). Contrary to defendants' contention in their reply brief, plaintiffs have not taken the position that A.R.S. § 2604(A) does not apply in this case.

>in the same health profession as the defendant and, if the defendant is or claims to be a specialist, in an accredited health professional school or accredited residency or clinical research program in the same specialty or claimed specialty.

A.R.S. § 12-2604(A) plainly provides that when the defendant in a medical malpractice action is board certified in a speciality, then the standard of care expert must be board certified in the same speciality. Dr. Trabucco is board certified in urology. Dr. Mellman is not. Therefore, Dr. Mellman cannot offer standard of care opinions in this case, and the portions of Dr. Mellman's expert report that contain standard of care opinions are stricken.

Defendants next argue that plaintiffs are limited to one causation expert. Defendants argue that plaintiffs must select either Dr. Mellman or Dr. Danoff as their causation expert and that the causation opinions offered by the other expert must be stricken.

Rule 26(b)(4)(D), Arizona Rules of Civil Procedure, provides that "[i]n all cases including medical malpractice cases each side shall presumptively be entitled to only one independent expert on an issue, except upon a showing of good cause." Ariz. R. Civ. P. Rule 26(b)(4)(D). "[T]he intent of Rule 26(b)(4)(D) is simply to limit the presentation of cumulative evidence[.]" Sanchez v. Old Pueblo Anesthesia, P.C., 183 P.3d 1285, 1290 (Ariz. Ct. App. 2008). Defendants argue that this "one expert per issue" rule is embodied in the spirit of Rules 702 and 403, Federal Rules of Evidence, and that federal courts have long recognized the danger presented by expert witness testimony which can impart an undue influence on

the jury. Thus, defendants argue that the court should apply the Arizona "one expert per issue" rule in this case.

Under the Erie doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." In re County of Orange, 784 F.3d 520, 527 (9th Cir. 2015) (citation omitted). But "[i]t does not suffice to state that a federal rule is generally procedural and therefore presumptively applicable." Harvey's Wagon Wheel, Inc. v. Van Blitter, 959 F.2d 153, 154-55 (9th Cir. 1992). Rather, the court "determine[s] the choice of law by undertaking a multi-step inquiry." Id. at 155.

> First, [the court] must determine if the federal rule and state rule are actually coextensive. If the federal rule does not address the situation, there would be no conflict between the state and federal rules. [The court] would then apply the Erie analysis to determine if the federal court should enforce the state rule. If the federal rule does address the situation ... [the court] would then apply the Hanna analysis: if the federal rule is within the scope of the constitutional power and the Rules Enabling Act, it applies unless the Erie considerations are so strong that they can justify interrupting the normal function of the federal court processes.

Olympic Sports Products, Inc. v. Universal Athletic Sales Co., 760 F.2d 910, 914–15 (9th Cir. 1985).

The court may limit the number of experts allowed to testify in a case pursuant to Rule 16(c)(2)(D) of the Federal Rules of Civil Procedure, which provides that at any pretrial conference, the court may "take appropriate action" to "avoid[] unnecessary proof and cumulative evidence, and limit[] the use of testimony under Federal Rule of Evidence 702[.]"

See also, Ruud v. United States, 256 F.2d 460, 462 (9th Cir. 1958) (pursuant to Rule 16, court could limit number of expert witnesses at pretrial conference). A federal and state rule need not overlap in every regard" in order to be coextensive. Wester v. Crown Controls Corp., 974 F. Supp. 1284, 1286 (D. Ariz. 1996). "Instead, courts must inquire whether the federal rule is 'sufficiently broad to control the issue before the [c]ourt.'" Id. (quoting Stewart Organization, Inc. v. Ricoh, 487 U.S. 22, 26 (1988)). Rule 16(c)(2)(D) is sufficiently broad to control the issue of how many experts per issue a party may have.

Because there is a federal rule that addresses how many experts a party may have on one issue, the court must determine whether Rule 16(c)(2)(D) "is within the limits of Congress' constitutional power and the Rules Enabling Act." Olympic Sports Products, Inc., 760 F.2d at 916. "The Erie rule has never been invoked to void a Federal Rule." Hanna v. Plumer, 380 U.S. 460, 470 (1965). Thus, the court should apply the federal rule in this case unless Erie considerations warrant otherwise.

"Erie, as reinterpreted by Hanna, requires the [c]ourt to determine whether application of the federal rule instead of the state rule would encourage forum shopping, result in the inequitable administration of the law and/or alter the outcome of the litigation." Wester, 974 F. Supp. at 1286. Defendants argue that Erie considerations justify the application of the "one expert per issue" rule in this case because Arizona Rule 26(b)(4)(D) is intimately intertwined in the fabric of Arizona medical malpractice law. But this argument ignores the fact that Rule 26(b)(4)(D) applies to all Arizona cases, not just medical malpractice cases.

As for the other Erie consideration, there does not appear to have been any forum shopping here[7] nor would application of the federal rule rather than the Arizona rule lead to forum shopping in general because the number of experts can be limited under the federal rules. For the same reason, application of the federal rule rather than Arizona Rule 26(b)(4)(D) would not result in the inequitable administration of laws nor be outcome-determinative. If defendants are concerned about cumulative evidence at trial, they can move to exclude evidence pursuant to FRE 403 or bring this issue up during final pretrial proceedings. The Erie considerations do not warrant the application of Arizona Rule 26(b)(4)(D) in this case. Plaintiffs are not presumptively limited to one causation expert.

Finally, defendants argue that plaintiffs cannot rely on Dr. Danoff's opinions because he failed to provide a case list as required by Federal Rule of Civil Procedure 26(a)(2)(B)(v). Rule 26(a)(2)(B)(v) requires that an export report include "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." In his expert report, Dr. Danoff stated that he does "not keep a list of cases [in which] I've testified."[8]

An expert's testimony may be excluded for failure to comply with the case list disclosure requirement in Rule 26(a)(2)(B)(v). "A literal reading of Rule 37(a)(3) and (c)(1)

---

[7]Declaration of Jeffrey A. Cogan [etc.] at 1-2, ¶ 2, Docket No. 53.

[8]Expert Witness Testimony Report of Dudley Seth Danoff Regarding my Opinions concerning Gerald Scharf at 6, Exhibit 1, Motion to Strike Portions of Plaintiff's [sic] Expert Reports, Docket No. 51.

compels the conclusion that an expert's trial testimony should be automatically excluded if a party fails to strictly comply with the requirements of Rule 26(a)(2)(B) unless the court finds that there was a substantial justification for the failure to make complete disclosure, or that the failure to disclose is harmless." Broadus v. Hoffman, Case No. 2:04-cv-00294-RCJ-PAL, 2006 WL 5242378, at *2 (D. Nev. July 20, 2006).

Dr. Danoff's failure to provide a case list was not substantially justified. Dr. Danoff has stated that "[he] does not keep a list nor use an accounting program, such as QuickBooks, to track his engagements as an expert witness."[9] But, "[a]n expert's failure to maintain records in the ordinary course of his business sufficient to allow the disclosures to be made, does not constitute 'substantial justification' for the failure to provide required disclosures as to any retained expert expected to testify at the trial of the case." Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 300 (D. Nev. 1998) (citation omitted); see also, Wallace v. Hounshel, Case No. 1:06-cv-01560-RLY-TAB, 2008 WL 2184907, at *3 (S.D. Ind. May 22, 2008) ("Defendants' reason-that their expert does not keep a list of cases-does not substantially justify their expert's failure to provide this information as required by the rule"). Dr. Danoff's failure to provide a case list also is not harmless because "it undermines [defendants'] ability to properly prepare for an effective deposition or cross-examination" of Dr. Danoff. Pineda v. City and County of San Francisco, 280 F.R.D. 517, 521-22 (N.D. Cal. 2012).

---

[9] Cogan Declaration at 2, ¶ 3, Docket No. 53.

Plaintiffs, however, have offered some evidence that Dr. Danoff may be able to comply with the case list requirement. Dr. Danoff has "stated that he will attempt to construct a list of previous engagements as an expert witness" but that this list may be only for two years, rather than the required four years.[10]

Dr. Danoff has until April 22, 2016 to produce a case list acceptable to defendants. If Dr. Danoff is unable to produce an acceptable case list, Dr. Danoff will be precluded from testifying in this case. If Dr. Danoff's testimony is excluded, plaintiffs will have until May 23, 2016 to engage a qualified replacement expert. If plaintiffs must engage a replacement expert, counsel shall develop and submit to the court for approval a calendar for disclosure of the new expert's report and the deposition of the new expert.

## Conclusion

Defendants' motion to strike[11] is granted in part and denied in part. The motion is granted as to Dr. Mellman's standard of care opinions. The motion is otherwise denied although Dr. Danoff's testimony will be excluded if he fails to produce a case list acceptable to defendants by April 22, 2016.

DATED at Anchorage, Alaska, this 21st day of March, 2016.

/s/ H. Russel Holland
United States District Judge

---

[10] Id.

[11] Docket No. 51.